# CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASES

This Confidential Settlement Agreement and Mutual General Release (the "Agreement") is made and entered into on the date(s) reflected below by and between JEAN NICHOLAS GARCON ("Garcon" or "Plaintiff" or "the Employee"), on the one hand, and T.W. FOOD DISTRIBUTORS, INC., a Florida corporation, d/b/a Southeastern Food Supplies ("T.W. Food" or "the Company" or "the Defendant"), on the other hand.

**WHEREAS**:

A. On or about September 24, 2016, Plaintiff filed a lawsuit against Defendant in the United States District Court, Southern District of Florida, Case No. 9:16-cv-81635-DMM ("the Civil Action").

B. On or about November 18, 2016, Plaintiff filed an amended complaint in the Civil Action.

C. The Plaintiff claims that he is entitled to but did not receive from the Defendant certain compensation allegedly owed to him pursuant to the Fair Labor Standards Act of 1938 ("FLSA") for alleged unpaid overtime and liquidated damages. The Plaintiff claims further that he is entitled to monetary damages pursuant to the FLSA for alleged retaliation (the "Alleged Compensation Amount").

D. The Defendant disputes and denies that the Plaintiff is entitled to receive the Alleged Compensation Amount or any part thereof.

E. There are bona fide disputes between the Defendant and the Plaintiff as to whether the Plaintiff is entitled to receive the Alleged Compensation Amount or any part thereof.

F. The Defendant denies each and every material allegation set forth in the Civil Action, and denies having committed any wrong or causing any injury to the Plaintiff.

G. In order to avoid the further costs and burdens of litigation, the Defendant and the Plaintiff now desire to settle fully and finally any and all differences between them, including, but not limited to, those differences embodied in the Civil Action.

NOW, THEREFORE, Plaintiff and Defendant agree as follows:

1. The foregoing recitals constitute part of this Agreement.

2. In consideration of this Agreement and the mutual promises set forth herein,

JNG 
TW ___



EXHIBIT A

and in full, final and complete settlement, the Defendant agrees to pay of Thirteen Thousand Dollars and No Cents ($13,000.00) ("the Settlement Amount"), representing alleged unpaid overtime, alleged liquidated damages alleged compensatory damages, costs and attorneys' fees. The payment of the Settlement Amount will be allocated as follows:

A. $2,883.37 to the Plaintiff, for alleged unpaid overtime wages, less all normal and customary deductions and withholdings;

B. $2,883.37 to the Plaintiff, for alleged liquidated and non-wage compensatory damages; and

C. $7,233.26 to Koz Law, P.A., for $1,466.52 in costs and compromised attorneys' fees.

Defendant takes no position as to the allocations of the settlement proceeds between Plaintiff and his counsel, but Defendant will not oppose the Court's approval of any part of the settlement agreement. ~~If this Agreement is enforced, the prevailing party shall be entitled to attorneys' fees and costs, including attorneys' fees and costs for post-judgment collections.~~ J.G

So long as the court in the Civil Action enters an order approving the settlement and dismissing with prejudice the Civil Action, Defendant shall deliver to Koz Law, P.A., 320 SE 9th Street, Fort Lauderdale, FL 33316 the Settlement Amount within ten (10) days of entry of the order approving the settlement and dismissing with prejudice the Civil Action. The Parties agree to seek the Court's reservation of jurisdiction to enforce the terms of the settlement. All parties shall bear their own expenses, costs and attorneys' fees, unless as otherwise expressly set forth herein.

In the event the court in the Civil Action does not approve the settlement, for any reason whatsoever, the Agreement shall be void, voidable and/or otherwise unenforceable. However, the parties shall attempt to cure any aspects of the Agreement cited by the court as reasons for the non-approval and seek the court's approval thereafter.

The payment described above in 2.A will be reported by the Company for tax purposes on Form W-2 to be issued to Plaintiff and Plaintiff agrees and understands that all normal and customary deductions and withholdings shall be withheld from this payment. Defendant is responsible for paying all withholdings to the appropriate government agencies.

The payments described above in 2.B will be reported by the Company for tax


JNG
TW



EXHIBIT A

purposes on Form 1099 to be issued to Plaintiff and Plaintiff agrees and understands that no taxes shall be withheld from these payments. Plaintiff agrees and acknowledges that, as allocated pursuant to applicable law, Plaintiff will be solely responsible for the payment of any and all taxes with respect to the payments referenced in 2.B.

The payments described above in 2.C will be reported by the Company for tax purposes on Form 1099 to be issued to Koz Law, P.A. and Plaintiff agrees and understands that no taxes shall be withheld from this payment.

Plaintiff is responsible for Plaintiff's tax liability incurred from receipt of taxable income pursuant to this agreement.

3. The Plaintiff understands that the amounts paid by or on behalf of the Defendant pursuant to this Agreement are being paid strictly and solely for purposes of settlement and that the Defendant expressly denies that the Plaintiff is entitled to receive the Alleged Compensation Amount or any part thereof. The Plaintiff represents and acknowledges that Defendant disputes that he is entitled to receive the Alleged Compensation Amount or any part thereof.

4. Specifically conditioned upon strict compliance with this Agreement and the dismissal with prejudice of the Civil Action, and excepting claims based upon representations, warranties, agreements, covenants, and promises made in or pursuant to this Agreement, Plaintiff, his heirs, executors, agents, representatives, administrators, successors, and assigns, in consideration of this Agreement and the mutual promises set forth herein, and for other good and valuable consideration received from or on behalf of Defendant, receipt whereof is hereby acknowledged, hereby release and forever discharge Defendant and the Defendant's insurers, parent companies, subsidiaries, divisions, affiliates, related companies, predecessors, successors, heirs, executors, administrators, assigns, shareholders (direct or indirect), directors, officers, employees, agents, and attorneys (and the insurers, shareholders (direct or indirect), directors, officers, employees, agents, and attorneys of such parent companies, subsidiaries, affiliates, and related companies) (Defendant and the foregoing other persons and entities are hereinafter defined separately and collectively as the "Defendant Releasees"), from any and all actions, causes of action, debts, sums of money, accounts, covenants, contracts, agreements, promises, damages, judgments, claims, and demands whatsoever, whether known or unknown, either in law or equity, whether statutory or common law, whether federal, state, local, or otherwise, including, but not limited to, any and all claims pending in the Civil Action, arising from the Civil Action, related to the Civil Action or concerning the subject matter of the Civil Action in any matter whatsoever, including claims asserted or which could have been asserted. This release further includes any claims related to, or arising out of, any aspect of the individual Plaintiff's relationship with Defendant, any agreement concerning such relationship, or the

JNG 
TW ___

termination of such relationship, including, but not limited to:

(a) any and all claims asserted, or which could have been asserted, in the Civil Action, including, but not limited to, any and all claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;

(b) any and all claims of wrongful discharge or breach of contract, any and all claims for equitable estoppel, any and all claims for employee benefits, including, but not limited to, any and all claims under the Employee Retirement Income Security Act of 1974, as amended, and any and all claims of employment discrimination on any basis, including, but not limited to, any and all claims under Title VII of the Civil Rights Act of 1964, as amended, under the Age Discrimination in Employment Act of 1967, as amended (the "ADEA"), under the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended, under the Civil Rights Act of 1991, as amended, under the Americans with Disabilities Act of 1990, as amended, under the Immigration Reform and Control Act of 1986, as amended, under the Family and Medical Leave Act of 1993, as amended, under the Florida Civil Rights Act of 1992, as amended, under Florida's Whistle-Blowers Protection Act, § 448.101 *et seq.*, under § 440.205, Fla. Stat., under the Florida Equal Pay Law, as amended, under the Florida Wage Discrimination Law, as amended, and under the Florida Minimum Wage Law;

(c) any and all claims under any other federal, state, or local wage and hour law, employment law, labor law, civil rights law, human rights law, or workers' compensation law;

(d) any and all claims of slander, libel, defamation, invasion of privacy, intentional or negligent infliction of emotional distress, negligent misrepresentation, fraud, negligent hiring, supervision or retention, assault and battery, and prima facie tort; and

(e) any and all claims for monetary recovery, including, but not limited to, back pay, front pay, liquidated, compensatory or punitive damages, attorneys' fees, experts' fees, disbursements, and costs; which, against the Defendant Releasees, the Plaintiff or his heirs, executors, administrators, successors, and assigns ever had, now has, or hereafter can, will, or may have, for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of the world to the date the Plaintiff executes this Agreement.

Plaintiff agrees, acknowledges and confirms that he has not worked any additional hours for which he is eligible to receive any additional compensation not otherwise paid to him previously or pursuant to this Agreement.

Plaintiff agrees, acknowledges and confirms that he knows of no injuries suffered

JNG J.G
TW ___

on the job for which he may have been eligible to make a claim for workers' compensation benefits and for which he has not previously submitted claims.

Plaintiff agrees, acknowledges and confirms that he knows of no conduct, or misconduct, on the part of the Company or any of its employees, which could or should have been reported to appropriate governmental agencies or otherwise.

This release does not include any and all claims which arise or may arise subsequent to the execution of this Agreement.

5. Plaintiff understands and acknowledges that there may be facts or information which he does not know or suspect to exist in his favor at the time he executes this Agreement, and he agrees that this Agreement is intended to and does extinguish any and all claims he might have based on such facts or information.

6. Excepting claims based upon representations, warranties, agreements, covenants, and promises made in or pursuant to this Agreement, and expressly excepting claims to enforce this Agreement or based upon alleged breaches thereof, Defendant, in consideration of this Agreement and the mutual promises set forth herein, and for other good and valuable consideration received from or on behalf of Plaintiff, receipt whereof is hereby acknowledged, releases and forever discharges Plaintiff from all actions, causes of action, debts, sums of money, accounts, covenants, contracts, agreements, promises, damages, judgments, claims, and demands whatsoever, whether known or unknown, either in law or equity, whether statutory or common law, whether federal, state, local, or otherwise, including, but not limited to, any and all claims pending in the Civil Action, arising from the Civil Action, related to the Civil Action or concerning the subject matter of the Civil Action in any matter whatsoever, including claims asserted or which could have been asserted.

7. Should any part, term, or provision of this Agreement be declared or determined by a court of competent jurisdiction to be illegal, invalid, or unenforceable, the validity of the remaining parts, terms, or provisions will not be affected thereby, and said illegal, invalid or unenforceable part, term, or provision will be deemed not to be a part of this Agreement.

8. In any action or proceeding, including but not limited to appellate proceedings, relating to or arising out of this Agreement, the prevailing party shall be entitled to recover his or its costs and attorneys' fees.

9. This Agreement is to be interpreted, construed, and enforced pursuant to the substantive laws of the State of Florida, without regard to choice of law principles. Any action or proceeding relating to or arising out of this Agreement shall be brought in a

JNG 
TW ___

court of competent jurisdiction in Palm Beach County, Florida.

10. Plaintiff has not filed any other additional lawsuits, claims, or administrative charges of any sort, other than the Civil Action, as of the date he has executed this Agreement. Plaintiff has not assigned any claims that he may have had against the Defendant Releasees based on or arising out of any alleged discriminatory, unlawful, wrongful, tortious, or other conduct against him by the Defendant Releasees, or any of them, including, but not limited to, any and all claims for attorneys' fees, experts' fees, or damages resulting as a consequence thereof, based upon or seeking relief on account of actions or failures to act by the Defendant Releasees which occurred or failed to occur before their execution of this Agreement.

11. (a) The Plaintiff acknowledges that maintaining confidentiality with respect to this Agreement is of paramount importance to the Company. Accordingly, the Plaintiff represents and warrants that he has kept and, except as pursuant to subpoena or other legal compulsion, covenants and agrees that he will keep the terms and fact of this Agreement strictly confidential, and will not disclose (whether verbally, in writing, through non-verbal means (such as winks or nods of the head), or otherwise) any information concerning this Agreement to any person, firm, corporation, governmental agency, or other entity, without the prior written consent of the Company. This prohibition does not apply to any filing or related communication with any federal, state or local tax or revenue authority, or to communications with counsel or professional tax advisor, who agrees, in advance, to be similarly bound; the Plaintiff is responsible for insuring that any such individuals keep the facts and terms of this Agreement confidential. Upon inquiry to the Plaintiff by any third party, other than those listed in the preceding sentence, as to anything related to the Civil Action, including but not limited to the filing or resolution of same, any response shall be limited to the fact that the matter has been resolved and cannot be discussed further." Plaintiff will not disclose that the Settlement Agreement is a matter of public record, if in fact the court requires filing of the Agreement.

(b) The Plaintiff agrees, represents and warrants he shall not, subsequent to the execution of this Agreement, communicate (whether verbally, in writing, through non-verbal means (such as winks or nods of the head), or otherwise) with any former or current employee or independent contractor of the Company concerning the Civil Action or the claims set forth in the Civil Action.

(c) The Plaintiff and Plaintiff's counsel agree, represent and warrant that they are not aware of any other former or current employee or independent contractor of the Company who has brought or is contemplating bringing a claim or action against any of the Defendant Releasees.

(d) Should the Plaintiff become aware of the possibility that the terms

JNG J.G
TW ___



EXHIBIT A

and fact of this Agreement may be disclosed as a result of subpoena or other legal compulsion, he shall provide notice thereof in writing to the Company's attorneys as set forth in Paragraph 18 below within seven (7) days of the date that he becomes aware of the possibility in order to provide the Company with an opportunity to prevent disclosure through a protective order or any other appropriate legal mechanism.

12. (a) Plaintiff acknowledges that maintaining the Company's good reputation in the community is of *paramount importance* to the Company. Accordingly, the Plaintiff represents and warrants that he will not disparage or encourage or induce others to disparage the Company or any of the Defendant Releasees by any type of communication, whether verbally, in writing, through gesture or other non-verbal means (such as winks or nods of the head), or otherwise. These proscriptions include, but are not necessarily limited to, communications that are in any way injurious to the reputation and interests of the Company or any of the Defendant Releasees, such as, without limitation, any negative or derogatory comments.

(b) Plaintiff agrees that he has not and will not divulge and/or communicate to any third parties, or in any way make use of any confidential or proprietary information, or any other information relating to the business of the Company (collectively "Confidential Information") acquired in the performance of his duties for and/or during his employment with the Company unless compelled pursuant to the order of a court or other governmental or legal body having jurisdiction over such matter. If Plaintiff is compelled by order of a court or other governmental or legal body to communicate or divulge any such Confidential Information to anyone other than the Company and those designated by the Company, he shall give prompt written notice of any such order to Daniel R. Levine, Esq., Padula Bennardo Levine LLP, prior to communicating or divulging any such Confidential Information and he shall cooperate fully with the Company in protecting such Confidential Information to the extent possible under applicable law. "Confidential Information" shall not include information which is known within the applicable industry or is or becomes generally available to the public other than as a result of disclosure in violation of this Paragraph 12(b).

(c) To the extent any prospective employer contacts the Company seeking an employment reference regarding the Plaintiff, the Company agrees to provide neutral information only, consisting only of the Plaintiff's last job title, last salary and dates of employment.

13. Excepting claims based upon representations, warranties, agreements, covenants, and promises made in or pursuant to this Agreement, including but not limited to the agreements set forth in Paragraphs 11(a) through 11(d) and Paragraph 12(a) through 12(c) above, the Company, in consideration of this Agreement and the mutual

JNG 
TW ___

promises set forth herein, and for other good and valuable consideration received from or on behalf of the Plaintiff, receipt whereof is hereby acknowledged, *releases and forever discharges* the Plaintiff and his respective heirs, executors, administrators, successors, and assigns, from all actions, causes of action, debts, sums of money, accounts, covenants, contracts, agreements, promises, damages, judgments, claims, and demands whatsoever, *whether known or unknown*, either in law or equity, whether statutory or common law, whether federal, state, local, or otherwise, including, but not limited to, any claims related to, or arising out of any aspect of the Plaintiff's relationship with the Company, any agreement concerning such relationship, or the termination of such relationship, which, against the Plaintiff, the Company or the Company's successors and assigns ever had, now have or hereafter can, will, or may have, by reason of any matter or cause whatsoever, from the beginning of the world to the date the Company executes this Agreement.

14. Should any term or provision of this Agreement require interpretation or construction, it is agreed by the parties that the court or other entity interpreting or construing this document shall not apply any presumption that the terms and provisions of this Agreement shall be more strictly construed against any particular party, it being agreed that all parties and their respective attorneys have fully participated in the preparation of all terms and provisions of this Agreement.

15. This Agreement sets forth the entire agreement between the parties hereto, fully supersedes any and all prior agreements or understandings between the parties regarding the subject matter hereof, and may not be modified orally.

16. This Agreement is not, and shall not in any way be construed as, an admission by the Company or any of the Defendant Releasees of any liability to, or of any unlawful or otherwise wrongful acts against, the Plaintiff or any other person, and the Company specifically disclaims any liability to, or any unlawful or otherwise wrongful acts against, the Plaintiff or any other person on the part of the Company or any of the other Defendant Releasees. This Agreement shall not be admissible or discoverable in any court or administrative proceeding other than as necessary in an action or proceeding for the express purpose of enforcing or construing this Agreement.

17. The parties expressly represent, warrant, and acknowledge that the terms and provisions of this Agreement herein stated are the only consideration for signing this Agreement; that no other promise or agreement of any kind has been made by, to or with any person or entity whatsoever to cause the signing of this Agreement; and that, in executing this Agreement, they do not rely and have not relied upon any representation or statement made by any of the Defendant Releasees or by any of the Defendant Releasees' agents, representatives, or attorneys, on the one hand, or any of the Plaintiff Releasees or by any of the Plaintiff Releasees' agents, representatives, or attorneys, on

JNG 
TW ___



EXHIBIT A

the other hand, with regard to the subject matter, basis, or effect of this Agreement or otherwise.

18. Any notice, correspondence, payment or other communication contemplated by or connected with this Agreement shall be directed as follows:

(a) If to Defendant:

Daniel R. Levine, Esq.
Padula Bennardo Levine LLP
101 Plaza Real South, Suite 207
Boca Raton, Florida 33432
Telephone: (561) 544-8900
Facsimile: (561) 544-8999
E-Mail: drl@pbl-law.com

(b) If to Plaintiff:

Elliot Kozolchyk, Esq.
Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, FL 33316
Telephone: (786) 924-9929
Facsimile: (786) 358-6071
E-Mail: ekoz@kozlawfirm.com

19. Plaintiff represents and acknowledges that his signature hereon shows that he has decided, knowingly, voluntarily, freely and without coercion, after consulting with appropriate legal counsel, to execute this Agreement in return for the consideration provided by Defendant, and that his signature appearing hereon is genuine. Likewise, Defendant represents and acknowledges that its signature hereon shows that it has decided, knowingly, voluntarily, freely and without coercion, after consulting with appropriate legal counsel, to execute this Agreement in return for the consideration provided by Plaintiff, and that its signature appearing hereon is genuine.

20. This Agreement may be executed in counterparts, each of which shall be deemed an original, and the counterparts shall together constitute one and the same instrument, notwithstanding that the parties hereto may not be signatories to the original or the same counterpart. The parties agree and acknowledge that a photocopy or facsimile or scanned email copy of an executed signature or initialed page may be used in place of an original executed signature or initialed page for any purpose.



21. Excepting only the Civil Action, the Plaintiff represents and warrants that he has never commenced or filed, and covenants and agrees never to commence, file, aid, or in any way prosecute or cause to be commenced or prosecuted against the Defendant Releasees, or any of them, any action, charge, complaint, or other proceeding, whether administrative, judicial, legislative, or otherwise, including, but not limited to, any action or proceeding for attorneys' fees, experts' fees, disbursements, or costs, based upon or seeking relief on account of actions or failures to act by the Defendant Releasees, or any of them, which may have occurred or failed to occur before their execution of this Agreement.

22. **THE PARTIES EXPRESSLY REPRESENT AND WARRANT THAT THEY (a) HAVE CAREFULLY READ THIS AGREEMENT OR HAD IT READ TO THEM; (b) FULLY UNDERSTAND THE TERMS, CONDITIONS, AND SIGNIFICANCE OF THIS AGREEMENT; (c) HAVE HAD AMPLE TIME TO CONSIDER AND NEGOTIATE THIS AGREEMENT;(d) HAVE HAD A FULL OPPORTUNITY TO REVIEW THIS AGREEMENT WITH THEIR RESPECTIVE ATTORNEYS AND HAVE DONE SO; AND (e) HAVE EXECUTED THIS AGREEMENT VOLUNTARILY, KNOWINGLY, AND WITH THE ADVICE OF THEIR RESPECTIVE ATTORNEYS.**

______________________________
JEAN NICHOLAS GARCON

Dated: 03-17-17

______________________________
T.W. Food Distributors, Inc.

By: Anise Chow

Its: President

Dated: ______________________

JNG J.G.
TW ___



EXHIBIT A

**CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASES**

This Confidential Settlement Agreement and Mutual General Release (the "Agreement") is made and entered into on the date(s) reflected below by and between JEAN NICHOLAS GARCON ("Garcon" or "Plaintiff" or "the Employee"), on the one hand, and T.W. FOOD DISTRIBUTORS, INC., a Florida corporation, d/b/a Southeastern Food Supplies ("T.W. Food" or "the Company" or "the Defendant"), on the other hand.

**WHEREAS:**

A. On or about September 24, 2016, Plaintiff filed a lawsuit against Defendant in the United States District Court, Southern District of Florida, Case No. 9:16-cv-81635-DMM ("the Civil Action").

B. On or about November 18, 2016, Plaintiff filed an amended complaint in the Civil Action.

C. The Plaintiff claims that he is entitled to but did not receive from the Defendant certain compensation allegedly owed to him pursuant to the Fair Labor Standards Act of 1938 ("FLSA") for alleged unpaid overtime and liquidated damages. The Plaintiff claims further that he is entitled to monetary damages pursuant to the FLSA for alleged retaliation (the "Alleged Compensation Amount").

D. The Defendant disputes and denies that the Plaintiff is entitled to receive the Alleged Compensation Amount or any part thereof.

E. There are bona fide disputes between the Defendant and the Plaintiff as to whether the Plaintiff is entitled to receive the Alleged Compensation Amount or any part thereof.

F. The Defendant denies each and every material allegation set forth in the Civil Action, and denies having committed any wrong or causing any injury to the Plaintiff.

G. In order to avoid the further costs and burdens of litigation, the Defendant and the Plaintiff now desire to settle fully and finally any and all differences between them, including, but not limited to, those differences embodied in the Civil Action.

NOW, THEREFORE, Plaintiff and Defendant agree as follows:

1. The foregoing recitals constitute part of this Agreement.

2. In consideration of this Agreement and the mutual promises set forth herein,

JNG
TW



EXHIBIT A

and in full, final and complete settlement, the Defendant agrees to pay of Thirteen Thousand Dollars and No Cents ($13,000.00) ("the Settlement Amount"), representing alleged unpaid overtime, alleged liquidated damages alleged compensatory damages, costs and attorneys' fees. The payment of the Settlement Amount will be allocated as follows:

A. $2,883.37 to the Plaintiff, for alleged unpaid overtime wages, less all normal and customary deductions and withholdings;

B. $2,883.37 to the Plaintiff, for alleged liquidated and non-wage compensatory damages; and

C. $7,233.26 to Koz Law, P.A., for $1,466.52 in costs and compromised attorneys' fees.

Defendant takes no position as to the allocations of the settlement proceeds between Plaintiff and his counsel, but Defendant will not oppose the Court's approval of any part of the settlement agreement. ~~If this Agreement is enforced, the prevailing party shall be entitled to attorneys' fees and costs, including attorneys' fees and costs for post-judgment collections.~~

So long as the court in the Civil Action enters an order approving the settlement and dismissing with prejudice the Civil Action, Defendant shall deliver to Koz Law, P.A., 320 SE 9th Street, Fort Lauderdale, FL 33316 the Settlement Amount within ten (10) days of entry of the order approving the settlement and dismissing with prejudice the Civil Action. The Parties agree to seek the Court's reservation of jurisdiction to enforce the terms of the settlement. All parties shall bear their own expenses, costs and attorneys' fees, unless as otherwise expressly set forth herein.

In the event the court in the Civil Action does not approve the settlement, for any reason whatsoever, the Agreement shall be void, voidable and/or otherwise unenforceable. However, the parties shall attempt to cure any aspects of the Agreement cited by the court as reasons for the non-approval and seek the court's approval thereafter.

The payment described above in 2.A will be reported by the Company for tax purposes on Form W-2 to be issued to Plaintiff and Plaintiff agrees and understands that all normal and customary deductions and withholdings shall be withheld from this payment. Defendant is responsible for paying all withholdings to the appropriate government agencies.

The payments described above in 2.B will be reported by the Company for tax

JNG
TW



EXHIBIT A

purposes on Form 1099 to be issued to Plaintiff and Plaintiff agrees and understands that no taxes shall be withheld from these payments. Plaintiff agrees and acknowledges that, as allocated pursuant to applicable law, Plaintiff will be solely responsible for the payment of any and all taxes with respect to the payments referenced in 2.B.

The payments described above in 2.C will be reported by the Company for tax purposes on Form 1099 to be issued to Koz Law, P.A. and Plaintiff agrees and understands that no taxes shall be withheld from this payment.

Plaintiff is responsible for Plaintiff's tax liability incurred from receipt of taxable income pursuant to this agreement.

3. The Plaintiff understands that the amounts paid by or on behalf of the Defendant pursuant to this Agreement are being paid strictly and solely for purposes of settlement and that the Defendant expressly denies that the Plaintiff is entitled to receive the Alleged Compensation Amount or any part thereof. The Plaintiff represents and acknowledges that Defendant disputes that he is entitled to receive the Alleged Compensation Amount or any part thereof.

4. Specifically conditioned upon strict compliance with this Agreement and the dismissal with prejudice of the Civil Action, and excepting claims based upon representations, warranties, agreements, covenants, and promises made in or pursuant to this Agreement, Plaintiff, his heirs, executors, agents, representatives, administrators, successors, and assigns, in consideration of this Agreement and the mutual promises set forth herein, and for other good and valuable consideration received from or on behalf of Defendant, receipt whereof is hereby acknowledged, hereby release and forever discharge Defendant and the Defendant's insurers, parent companies, subsidiaries, divisions, affiliates, related companies, predecessors, successors, heirs, executors, administrators, assigns, shareholders (direct or indirect), directors, officers, employees, agents, and attorneys (and the insurers, shareholders (direct or indirect), directors, officers, employees, agents, and attorneys of such parent companies, subsidiaries, affiliates, and related companies) (Defendant and the foregoing other persons and entities are hereinafter defined separately and collectively as the "Defendant Releasees"), from any and all actions, causes of action, debts, sums of money, accounts, covenants, contracts, agreements, promises, damages, judgments, claims, and demands whatsoever, whether known or unknown, either in law or equity, whether statutory or common law, whether federal, state, local, or otherwise, including, but not limited to, any and all claims pending in the Civil Action, arising from the Civil Action, related to the Civil Action or concerning the subject matter of the Civil Action in any matter whatsoever, including claims asserted or which could have been asserted. This release further includes any claims related to, or arising out of, any aspect of the individual Plaintiff's relationship with Defendant, any agreement concerning such relationship, or the

JNG
TW




EXHIBIT A

termination of such relationship, including, but not limited to:

(a) any and all claims asserted, or which could have been asserted, in the Civil Action, including, but not limited to, any and all claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;

(b) any and all claims of wrongful discharge or breach of contract, any and all claims for equitable estoppel, any and all claims for employee benefits, including, but not limited to, any and all claims under the Employee Retirement Income Security Act of 1974, as amended, and any and all claims of employment discrimination on any basis, including, but not limited to, any and all claims under Title VII of the Civil Rights Act of 1964, as amended, under the Age Discrimination in Employment Act of 1967, as amended (the "ADEA"), under the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended, under the Civil Rights Act of 1991, as amended, under the Americans with Disabilities Act of 1990, as amended, under the Immigration Reform and Control Act of 1986, as amended, under the Family and Medical Leave Act of 1993, as amended, under the Florida Civil Rights Act of 1992, as amended, under Florida's Whistle-Blowers Protection Act, § 448.101 *et seq.*, under § 440.205, Fla. Stat., under the Florida Equal Pay Law, as amended, under the Florida Wage Discrimination Law, as amended, and under the Florida Minimum Wage Law;

(c) any and all claims under any other federal, state, or local wage and hour law, employment law, labor law, civil rights law, human rights law, or workers' compensation law;

(d) any and all claims of slander, libel, defamation, invasion of privacy, intentional or negligent infliction of emotional distress, negligent misrepresentation, fraud, negligent hiring, supervision or retention, assault and battery, and prima facie tort; and

(e) any and all claims for monetary recovery, including, but not limited to, back pay, front pay, liquidated, compensatory or punitive damages, attorneys' fees, experts' fees, disbursements, and costs; which, against the Defendant Releasees, the Plaintiff or his heirs, executors, administrators, successors, and assigns ever had, now has, or hereafter can, will, or may have, for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of the world to the date the Plaintiff executes this Agreement.

Plaintiff agrees, acknowledges and confirms that he has not worked any additional hours for which he is eligible to receive any additional compensation not otherwise paid to him previously or pursuant to this Agreement.

Plaintiff agrees, acknowledges and confirms that he knows of no injuries suffered

JNG J.G
TW

on the job for which he may have been eligible to make a claim for workers' compensation benefits and for which he has not previously submitted claims.

Plaintiff agrees, acknowledges and confirms that he knows of no conduct, or misconduct, on the part of the Company or any of its employees, which could or should have been reported to appropriate governmental agencies or otherwise.

This release does not include any and all claims which arise or may arise subsequent to the execution of this Agreement.

5. Plaintiff understands and acknowledges that there may be facts or information which he does not know or suspect to exist in his favor at the time he executes this Agreement, and he agrees that this Agreement is intended to and does extinguish any and all claims he might have based on such facts or information.

6. Excepting claims based upon representations, warranties, agreements, covenants, and promises made in or pursuant to this Agreement, and expressly excepting claims to enforce this Agreement or based upon alleged breaches thereof, Defendant, in consideration of this Agreement and the mutual promises set forth herein, and for other good and valuable consideration received from or on behalf of Plaintiff, receipt whereof is hereby acknowledged, releases and forever discharges Plaintiff from all actions, causes of action, debts, sums of money, accounts, covenants, contracts, agreements, promises, damages, judgments, claims, and demands whatsoever, whether known or unknown, either in law or equity, whether statutory or common law, whether federal, state, local, or otherwise, including, but not limited to, any and all claims pending in the Civil Action, arising from the Civil Action, related to the Civil Action or concerning the subject matter of the Civil Action in any matter whatsoever, including claims asserted or which could have been asserted.

7. Should any part, term, or provision of this Agreement be declared or determined by a court of competent jurisdiction to be illegal, invalid, or unenforceable, the validity of the remaining parts, terms, or provisions will not be affected thereby, and said illegal, invalid or unenforceable part, term, or provision will be deemed not to be a part of this Agreement.

8. In any action or proceeding, including but not limited to appellate proceedings, relating to or arising out of this Agreement, the prevailing party shall be entitled to recover his or its costs and attorneys' fees.

9. This Agreement is to be interpreted, construed, and enforced pursuant to the substantive laws of the State of Florida, without regard to choice of law principles. Any action or proceeding relating to or arising out of this Agreement shall be brought in a

JNG
TW

court of competent jurisdiction in Palm Beach County, Florida.

10. Plaintiff has not filed any other additional lawsuits, claims, or administrative charges of any sort, other than the Civil Action, as of the date he has executed this Agreement. Plaintiff has not assigned any claims that he may have had against the Defendant Releasees based on or arising out of any alleged discriminatory, unlawful, wrongful, tortious, or other conduct against him by the Defendant Releasees, or any of them, including, but not limited to, any and all claims for attorneys' fees, experts' fees, or damages resulting as a consequence thereof, based upon or seeking relief on account of actions or failures to act by the Defendant Releasees which occurred or failed to occur before their execution of this Agreement.

11. (a) The Plaintiff acknowledges that maintaining confidentiality with respect to this Agreement is of paramount importance to the Company. Accordingly, the Plaintiff represents and warrants that he has kept and, except as pursuant to subpoena or other legal compulsion, covenants and agrees that he will keep the terms and fact of this Agreement strictly confidential, and will not disclose (whether verbally, in writing, through non-verbal means (such as winks or nods of the head), or otherwise) any information concerning this Agreement to any person, firm, corporation, governmental agency, or other entity, without the prior written consent of the Company. This prohibition does not apply to any filing or related communication with any federal, state or local tax or revenue authority, or to communications with counsel or professional tax advisor, who agrees, in advance, to be similarly bound; the Plaintiff is responsible for insuring that any such individuals keep the facts and terms of this Agreement confidential. Upon inquiry to the Plaintiff by any third party, other than those listed in the preceding sentence, as to anything related to the Civil Action, including but not limited to the filing or resolution of same, any response shall be limited to the fact that the matter has been resolved and cannot be discussed further." Plaintiff will not disclose that the Settlement Agreement is a matter of public record, if in fact the court requires filing of the Agreement.

(b) The Plaintiff agrees, represents and warrants he shall not, subsequent to the execution of this Agreement, communicate (whether verbally, in writing, through non-verbal means (such as winks or nods of the head), or otherwise) with any former or current employee or independent contractor of the Company concerning the Civil Action or the claims set forth in the Civil Action.

(c) The Plaintiff and Plaintiff's counsel agree, represent and warrant that they are not aware of any other former or current employee or independent contractor of the Company who has brought or is contemplating bringing a claim or action against any of the Defendant Releasees.

(d) Should the Plaintiff become aware of the possibility that the terms

JNG
TW

and fact of this Agreement may be disclosed as a result of subpoena or other legal compulsion, he shall provide notice thereof in writing to the Company's attorneys as set forth in Paragraph 18 below within seven (7) days of the date that he becomes aware of the possibility in order to provide the Company with an opportunity to prevent disclosure through a protective order or any other appropriate legal mechanism.

12. (a) Plaintiff acknowledges that maintaining the Company's good reputation in the community is of *paramount importance* to the Company. Accordingly, the Plaintiff represents and warrants that he will not disparage or encourage or induce others to disparage the Company or any of the Defendant Releasees by any type of communication, whether verbally, in writing, through gesture or other non-verbal means (such as winks or nods of the head), or otherwise. These proscriptions include, but are not necessarily limited to, communications that are in any way injurious to the reputation and interests of the Company or any of the Defendant Releasees, such as, without limitation, any negative or derogatory comments.

(b) Plaintiff agrees that he has not and will not divulge and/or communicate to any third parties, or in any way make use of any confidential or proprietary information, or any other information relating to the business of the Company (collectively "Confidential Information") acquired in the performance of his duties for and/or during his employment with the Company unless compelled pursuant to the order of a court or other governmental or legal body having jurisdiction over such matter. If Plaintiff is compelled by order of a court or other governmental or legal body to communicate or divulge any such Confidential Information to anyone other than the Company and those designated by the Company, he shall give prompt written notice of any such order to Daniel R. Levine, Esq., Padula Bennardo Levine LLP, prior to communicating or divulging any such Confidential Information and he shall cooperate fully with the Company in protecting such Confidential Information to the extent possible under applicable law. "Confidential Information" shall not include information which is known within the applicable industry or is or becomes generally available to the public other than as a result of disclosure in violation of this Paragraph 12(b).

(c) To the extent any prospective employer contacts the Company seeking an employment reference regarding the Plaintiff, the Company agrees to provide neutral information only, consisting only of the Plaintiff's last job title, last salary and dates of employment.

13. Excepting claims based upon representations, warranties, agreements, covenants, and promises made in or pursuant to this Agreement, including but not limited to the agreements set forth in Paragraphs 11(a) through 11(d) and Paragraph 12(a) through 12(c) above, the Company, in consideration of this Agreement and the mutual

JNG J.G.
TW

promises set forth herein, and for other good and valuable consideration received from or on behalf of the Plaintiff, receipt whereof is hereby acknowledged, *releases and forever discharges* the Plaintiff and his respective heirs, executors, administrators, successors, and assigns, from all actions, causes of action, debts, sums of money, accounts, covenants, contracts, agreements, promises, damages, judgments, claims, and demands whatsoever, *whether known or unknown*, either in law or equity, whether statutory or common law, whether federal, state, local, or otherwise, including, but not limited to, any claims related to, or arising out of any aspect of the Plaintiff's relationship with the Company, any agreement concerning such relationship, or the termination of such relationship, which, against the Plaintiff, the Company or the Company's successors and assigns ever had, now have or hereafter can, will, or may have, by reason of any matter or cause whatsoever, from the beginning of the world to the date the Company executes this Agreement.

14. Should any term or provision of this Agreement require interpretation or construction, it is agreed by the parties that the court or other entity interpreting or construing this document shall not apply any presumption that the terms and provisions of this Agreement shall be more strictly construed against any particular party, it being agreed that all parties and their respective attorneys have fully participated in the preparation of all terms and provisions of this Agreement.

15. This Agreement sets forth the entire agreement between the parties hereto, fully supersedes any and all prior agreements or understandings between the parties regarding the subject matter hereof, and may not be modified orally.

16. This Agreement is not, and shall not in any way be construed as, an admission by the Company or any of the Defendant Releasees of any liability to, or of any unlawful or otherwise wrongful acts against, the Plaintiff or any other person, and the Company specifically disclaims any liability to, or any unlawful or otherwise wrongful acts against, the Plaintiff or any other person on the part of the Company or any of the other Defendant Releasees. This Agreement shall not be admissible or discoverable in any court or administrative proceeding other than as necessary in an action or proceeding for the express purpose of enforcing or construing this Agreement.

17. The parties expressly represent, warrant, and acknowledge that the terms and provisions of this Agreement herein stated are the only consideration for signing this Agreement; that no other promise or agreement of any kind has been made by, to or with any person or entity whatsoever to cause the signing of this Agreement; and that, in executing this Agreement, they do not rely and have not relied upon any representation or statement made by any of the Defendant Releasees or by any of the Defendant Releasees' agents, representatives, or attorneys, on the one hand, or any of the Plaintiff Releasees or by any of the Plaintiff Releasees' agents, representatives, or attorneys, on






EXHIBIT A

the other hand, with regard to the subject matter, basis, or effect of this Agreement or otherwise.

18. Any notice, correspondence, payment or other communication contemplated by or connected with this Agreement shall be directed as follows:

(a) If to Defendant:

Daniel R. Levine, Esq.
Padula Bennardo Levine LLP
101 Plaza Real South, Suite 207
Boca Raton, Florida 33432
Telephone: (561) 544-8900
Facsimile: (561) 544-8999
E-Mail: drl@pbl-law.com

(b) If to Plaintiff:

Elliot Kozolchyk, Esq.
Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, FL 33316
Telephone: (786) 924-9929
Facsimile: (786) 358-6071
E-Mail: ekoz@kozlawfirm.com

19. Plaintiff represents and acknowledges that his signature hereon shows that he has decided, knowingly, voluntarily, freely and without coercion, after consulting with appropriate legal counsel, to execute this Agreement in return for the consideration provided by Defendant, and that his signature appearing hereon is genuine. Likewise, Defendant represents and acknowledges that its signature hereon shows that it has decided, knowingly, voluntarily, freely and without coercion, after consulting with appropriate legal counsel, to execute this Agreement in return for the consideration provided by Plaintiff, and that its signature appearing hereon is genuine.

20. This Agreement may be executed in counterparts, each of which shall be deemed an original, and the counterparts shall together constitute one and the same instrument, notwithstanding that the parties hereto may not be signatories to the original or the same counterpart. The parties agree and acknowledge that a photocopy or facsimile or scanned email copy of an executed signature or initialed page may be used in place of an original executed signature or initialed page for any purpose.

JNG
TW


21. Excepting only the Civil Action, the Plaintiff represents and warrants that he has never commenced or filed, and covenants and agrees never to commence, file, aid, or in any way prosecute or cause to be commenced or prosecuted against the Defendant Releasees, or any of them, any action, charge, complaint, or other proceeding, whether administrative, judicial, legislative, or otherwise, including, but not limited to, any action or proceeding for attorneys' fees, experts' fees, disbursements, or costs, based upon or seeking relief on account of actions or failures to act by the Defendant Releasees, or any of them, which may have occurred or failed to occur before their execution of this Agreement.

22. **THE PARTIES EXPRESSLY REPRESENT AND WARRANT THAT THEY (a) HAVE CAREFULLY READ THIS AGREEMENT OR HAD IT READ TO THEM; (b) FULLY UNDERSTAND THE TERMS, CONDITIONS, AND SIGNIFICANCE OF THIS AGREEMENT; (c) HAVE HAD AMPLE TIME TO CONSIDER AND NEGOTIATE THIS AGREEMENT;(d) HAVE HAD A FULL OPPORTUNITY TO REVIEW THIS AGREEMENT WITH THEIR RESPECTIVE ATTORNEYS AND HAVE DONE SO; AND (e) HAVE EXECUTED THIS AGREEMENT VOLUNTARILY, KNOWINGLY, AND WITH THE ADVICE OF THEIR RESPECTIVE ATTORNEYS.**

______________________________
JEAN NICHOLAS GARCON

Dated: 03-17-17

______________________________
T.W. Food Distributors, Inc.

By: Anise Chow

Its: President

Dated: 3/22/2017

JNG
TW



EXHIBIT A